UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AUGUST-BJURBERG,<br><br>    Plaintiff,<br><br>v.<br><br>MARK ROBBINS, et al.,<br><br>    Defendants. | Case No. 14-cv-03353-VC<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 3, 4 |

Plaintiff George August-Bjurberg,[1] incarcerated at the Maguire Correctional Facility, also known as the main jail in Redwood City, filed *pro se* several documents alleging constitutional violations by officers at the jail. August-Bjurberg also filed two documents entitled motion for leave to proceed *in forma pauperis* ("IFP").

The Clerk of the Court sent August-Bjurberg three notices to file a complaint on the Court's civil rights complaint application and to file a completed IFP application. August-Bjurberg submitted other filings, but he has not filed a complaint on the Court's complaint form. On October 8, 2014, August-Bjurberg filed a second motion to proceed IFP in which he states that no jail official will sign documents relating to his trust fund and he states that he is destitute. In a separate order, the Court grants August-Bjurberg's motions to proceed IFP but, if the defendants are served, they may file a motion to revoke his IFP status.

The Court will review the filings August-Bjurberg has submitted to determine if he is able to allege a cognizable claim.

---

[1] It is unclear whether August-Bjurberg is a state inmate or a pretrial detainee.

# DISCUSSION

## I. Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a). Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844 F.2d at 633.

But there is no respondeat superior liability under Section 1983.  *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984).  A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).  It is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they

1    generally created policies and procedures that led to the violation, without alleging "a specific
2    policy" or "a specific event" instigated by the supervisors that led to the constitutional violation.
3    *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**II.     August-Bjurberg's Allegations**

On July 24, 2014, August-Bjurberg filed a letter with the Court attempting to state constitutional claims. *See* Dkt. no. 1. The letter is incomprehensible and names one defendant— Captain Mark Robbins, Facility Commander. On the same day, August-Bjurberg filed a one-page motion for preliminary injunction. *See* Dkt. no. 3. This motion better explains August-Bjurberg's allegations, which pertain to the removal of his legal material and personal belongings. On the same day he also filed a document entitled, "Brief in Support; Declaration in Support." *See* Dkt. no. 5. This document lists the following officers as defendants: (1) Captain Mark Robbins; (2) Lt. Roger Copeland; (3) Sgt. Andre Jackson; (4) Deputy Johnny Bagis; and (5) Correctional Officer Anthony Ovalle. In this document, August-Bjurberg sets forth the following allegations: On April 22, 2014, guards working the night shift at the jail removed August-Bjurberg from his cell and, in his absence, took all of his legal documents, including his file of discovery papers for four open and active criminal cases. The defendants took all of August-Bjurberg's law books, "case-law," blank paper, pencils, postage, envelopes, over a dozen motions he had filed and at least six motions that were "under construction" with due dates. The defendants also removed all of August-Bjurberg's hygiene materials, medical records, religious materials, eating utensils, clothing and bedding and left him only one green tarp to cover his naked body.

On September 15, 2014, the Court received documents August-Bjurberg submitted purporting to support various claims. *See* Dkt. No. 13. These documents are incomprehensible and are not relevant to August-Bjurberg's allegations pertaining to the removal of his legal documents or personal items. Therefore, they will not be considered.

Considering his filings together and liberally construing them, the allegations pertaining to the removal of all legal documents will be considered an effort to state a claim for violation of the right to access the courts. The allegations of the removal of all of his possessions will be considered an effort to state an Eighth Amendment claim for deliberate indifference to the

3

1  conditions of confinement or, if August-Bjurberg is a pretrial detainee, an effort to state a due
2  process claim under the Fourteenth Amendment.

**III. August-Bjurberg's Claims**

    **A. Access to the Courts Claim**

Prisoners are guaranteed under the Fourteenth Amendment the right to adequate, effective and meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 820, 822-23 (1983). To state a denial of access claim, a plaintiff must allege facts showing that he suffered an actual injury, and that the defendants' actions "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To show actual injury, a plaintiff must show that the defendants prevented him from attacking his sentence, directly or collaterally, or prevented him from challenging the conditions of his confinement. *Id.* at 355.

If the plaintiff is a pre-trial detainee, an offer of court-appointed counsel satisfies the government's obligation to provide meaningful access to the courts. *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982). It is unclear whether the state has a duty to provide access to a law library for a pretrial detainee who has rejected counsel and chosen to represent himself; however, denying him access to both a law library and legal assistance may violate his Sixth Amendment right to prepare a defense under *Faretta v. California*, 422 U.S. 806 (1975). *Milton v. Morris*, 767 F.2d 1443, 1445-47 (9th Cir. 1985)

August-Bjurberg's claim for denial of access to the courts fails for several reasons. If he is a convicted inmate, he does not state an actual injury, that is, he does not state how the defendants' actions prevented him from accessing the courts. Second, although he names several defendants in the caption of his document, he does not include allegations showing how each specific defendant took actions that deprived him of his right to access the courts.

If August-Bjurberg is a pretrial detainee and he has court-appointed counsel, any removed legal papers pertaining to motions in his criminal case or cases would not deny him access to the court. In other words, if August-Bjurberg is a pre-trial detainee, he must provide more information regarding his criminal case or cases to state a claim for lack of access to the courts. And, he must also allege how the actions of each specific defendant violated this right.

4

August-Bjurberg is granted leave to amend to remedy these deficiencies.

### B. Conditions of Confinement

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). In determining whether a deprivation of a basic necessity is serious enough to support an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). In prison-conditions cases, the plaintiff must allege that the defendants took actions with "deliberate indifference." *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (inmate safety); *Helling*, 509 U.S. at 32-33 (inmate health).

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. *Id.* at 537-38 (discussing tests traditionally applied to determine whether governmental acts are punitive in nature).

August-Bjurberg's allegations regarding the conditions of his confinement fail to state a claim under the Fourteenth or the Eighth Amendment because, again, he does not identify the specific conduct of each defendant that violated his constitutional rights. August-Bjurberg is granted leave to amend this claim.

If August-Bjurberg chooses to file an amended complaint, not only must he remedy the deficiencies noted above, he must also file the amended complaint on the Court's civil rights

complaint form, which the Clerk of the Court shall send to him.

## IV. Motion for Preliminary Injunction and/or a TRO

August-Bjurberg moves for a preliminary injunction or a temporary restraining order ("TRO"), but he does not assert what actions he wishes the Court to take.

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party bears the burden of meeting all prongs of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The decision of whether to grant or deny a preliminary injunction is a matter of the district court's discretion. *Grand Canyon Skywalk Devel., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1200 n.1 (9th Cir. 2013).

A motion for a preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Immediate injunctive relief in the form of a TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant or his attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).

August-Bjurberg has not yet stated a cognizable claim and no defendant has been served. In light of these circumstances, the motion for a preliminary injunction or a TRO is denied without prejudice to August-Bjurberg resubmitting it if he amends his complaint and if the Court finds that August-Bjurberg has alleged one or more cognizable claims. In the event that August-Bjurberg resubmits this motion, he shall indicate the specific injunctive relief he is seeking.

## V. Motion to Appoint Counsel

August-Bjurberg moves for the appointment of counsel but fails to give a reason.

"[I]t is well-established that there is generally no constitutional right to counsel in civil

1   cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996).  Nonetheless, under 28

2   U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel to "any person unable to

3   afford counsel."  The discretionary appointment of counsel typically is reserved for cases

4   involving "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

5   "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success

6   on the merits and the ability of the petitioner to articulate his claims pro se in light of the

7   complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be

8   viewed together before reaching a decision." *Id.*

9        Here, exceptional circumstances requiring the appointment of counsel are not evident.  The

10  request for appointment of counsel is DENIED.  If, in the future, the Court concludes it is

11  necessary to appoint counsel to represent Plaintiff, it shall do so *sua sponte*.

## CONCLUSION

13       Based on the foregoing, the Court orders as follows:

14       1. The motions for a preliminary injunction and TRO and for appointment of counsel are

15  denied.

16       2. August-Bjurberg's submitted filings do not allege cognizable claims.  However, he is

17  granted leave to amend to remedy the deficiencies noted above pertaining to his claims of lack of

18  access to the court and conditions of confinement.  He may not add other claims to his amended

19  complaint.  He must file his amended complaint in one document, on the Court's civil rights

20  complaint form which will be sent to him with this order, because the Court cannot review

21  piecemeal filings.  If he files an amended complaint, August-Bjurberg must indicate his legal

22  status, that is, whether he is a pretrial detainee or a state prisoner who has been convicted of one or

23  more crimes.

24       3. If August-Bjurberg chooses to file an amended complaint, he must do so within <u>twenty-

25  eight days</u> from the date of this Order.  He must file the amended complaint on the Court's civil

26  rights complaint form with the words "First Amended Complaint," on the upper right hand side of

27  the cover page. August-Bjurberg must use in the caption of the Amended Complaint the name of

28  this case, *August-Bjurberg v. Robbins, etal.*, and the case number C 14-3353 VC (PR).  August-

Bjurberg is advised that an amended complaint supersedes the original complaint. *See London V. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all claims alleged in original complaint which are not alleged in an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (defendants not named in amended complaint are no longer defendants). If August-Bjurberg does not file an amended complaint within twenty-eight days from the date of this Order, dismissal will be with prejudice.

4. It is August-Bjurberg's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

6. The Clerk of the Court shall send August-Bjurberg a blank civil rights form with this Order.

7. This Order terminates docket numbers 3 and 4.

**IT IS SO ORDERED**.

Dated: November 25, 2014

_____
VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE AUGUST-BJURBERG,

    Plaintiff,

v.

MARK ROBBINS, et al.,

    Defendants.

Case No. 14-cv-03353-VC

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 11/25/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George August-Bjurberg ID: 1136813
Maguire Correctional Facility 3W C4
300 Bradford Street
Redwood City, CA 94063-1530

Dated: 11/25/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA

9